Clayton L. Everett, State Bar No. 24065212
NORRED LAW, PLLC
515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorneys for Debtor

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Matthew Landgraf**<br>  Reg. No. 19693-078<br>  FMC Fort Worth<br>  PO Box 15330<br>  Fort Worth, TX 76119<br>  SSN: xxx-xx-1864<br><br>**Debtor** | **Case No. 19-41155-elm**<br><br>**Chapter 7**<br><br>*Expedited Relief Requested* |

### Motion for Limited Relief from Order Approving Amendment to Settlement

The Debtor Matthew Landgraf moves the Court for an order requesting limited relief from the *Order Approving Amendment to Settlement with the Debtor* [ECF No. 123], extending the "Cutoff Date" as defined in *Third Addendum to the Settlement Agreement* from June 1, 2023, to June 30, 2023, for cause under 11 U.S.C. § 150(a) and Federal Rule of Civil Procedure 60.[1]

1. This Court has exclusive jurisdiction over the real property under 28 U.S.C. § 1334. This motion concerns a core matter under 28 U.S.C. § 157(b)(2)(A), (K), (N), and (O).

2. On May 17, 2023, the Court held a hearing on the Motion to Approve Amendment to Settlement with the Debtor [ECF No. 104]. The motion sought the approval of a Third Addendum to the Settlement Agreement, a copy of which is attached as Exhibit 1.

3. The Third Addendum provided a "Cutoff Date" of June 1, 2023, for the Debtor to close on the sale of the improved land located at 9210 Miles Rd. and 9214 Miles Rd., Rowlett, Dallas

---

[1] Fed. R. Civ. P. 60 is made applicable in this case by Fed. R. Bankr. P. 9024.

County, Texas ("Subject Property"). The Third Addendum also provided that "The Trustee will not grant any further extension of the Debtor Cutoff Date."[2]

4. Following the Third Addendum, Debtor delivered to the Chapter 7 Trustee a Special Warranty Deed conveying the Subject Property to the Chapter 7 Trustee. If the Debtor does not close on the sale of the Subject Property on or before June 1, 2023, then the Chapter 7 Trustee has the authority to record the Special Warranty Deed, terminate any existing contract for the sale of the Subject Property, and otherwise proceed to market and sell the Subject Property under the Settlement Agreement.

5. On or about May 23, 2023, the buyer JSACQ, LLC informed the Debtor's agents that a planned Phase II environmental study has been delayed due to excessive rain and cannot be completed in time for the buyer to close on or before May 31, 2023.

6. JSACQ, LLC has requested to extend the closing date by an additional thirty days to June 30, 2023. In exchange for the extension, JSACQ, LLC offered to increase the purchase price from $1.1 million to $1.2 million. JSACQ, LLC also informed Debtor's agents that it will not plan or perform the Phase II environmental study without such an extension.

7. The extension of the closing requested by JSACQ, LLC is beyond the Cutoff Date provided by the Third Addendum. Therefore, Debtor asks the Court for relief from the Order Approving the Settlement Agreement for the limited purpose of extending the time for the Debtor to close on the Subject Project to June 30, 2023. The Debtor also asks the Chapter 7 Trustee to be restrained from exercising her rights under the Special Warranty Deed until after June 30, 2023.

8. The Debtor does not ask for relief for delay, but so that justice may be done.

---

[2] Paragraph 2, Third Addendum to the Settlement Agreement

9.  A thirty-day extension would result in a *de minimis* delay for the creditors. Moreover, the creditors can be compensated for this small delay by sharing in a portion of the $100,000 increase in the sale price offered by JSACQ, LLC.

10. JSACQ, LLC has put skin in the game already and would be harmed if an extension is not granted. It has already committed funds for the Phase I environmental study conducted on or around April 19, 2023. The Phase I study established that a portion of the Subject Property was used as a landfill in the early 1970s and 1980s by the City of Garland. A copy of the Phase I study has been provided to the Chapter 7 Trustee.

11. A Phase II study is necessary to determine the extent and severity of any contamination that continues to exist on the Subject Property from the days it was used as a landfill.

12. JSACQ, LLC will pay the costs of the Phase II study and will share the results with the Chapter 7 Trustee. If the sale does not close, then the Phase II report may aid in the subsequent sale of the Subject Property.

13. Failure to grant the extension may harm the creditors by delaying payment of their claims. The sale to JSACQ, LLC represents the quickest route for the creditors to be paid in this case. If the sales contract is canceled, the Chapter 7 Trustee must begin anew the marketing and sale process *without the aid of the Phase II environmental study* which is likely going to be required by any subsequent buyer now that the potential environmental issue has been discovered.

14. For these reasons, the Debtor requests that the Court order limited relief from the Order Approving the Settlement Agreement with the Debtor.

**Expedited Relief to Be Requested**

15. The Debtor will be seeking an expedited hearing on this matter. Counsel for the Debtor will file a separate request for an expedited hearing and seek to have this matter set no later than May 30, 2023.

WHEREFORE, the Debtor asks that this Court enter an Order allowing the Debtor until June 30, 2023, to close on the sale of the Subject Property as otherwise provided for under the Settlement Agreement and the Third Addendum to the Settlement Agreement and restraining the Chapter 7 Trustee from exercising her rights under the Special Warranty Deed until after June 30, 2023.

Respectfully submitted:

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
      Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border St., Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Debtor Matthew Landgraf

**CERTIFICATE OF CONFERENCE**

On May 23, 2023, I contacted Kenneth A. Hill, counsel for the Chapter 7 Trustee, to confer regarding the relief requested in this motion. While discussions and efforts to resolve this matter are continuing, at the time of filing the Chapter 7 Trustee is opposed to the relief requested.

       /s/ *Clayton L. Everett*

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of this Motion was served on the Office of the U.S. Trustee and upon the parties receiving notice via the Court's CM/ECF system, including the parties below. A copy of the motion was mailed to the attached creditor's matrix.

| *Attorney for the Trustee*: | *Chapter 7 Trustee:* |
|---|---|
| Kenneth A. Hill | Areya Holder Aurzada |
| Quilling, Selander, Lownds, Winslett & Moser, P.C. | 901 Main Street, Suite 5320 |
| 2001 Bryan Street, Suite 1800 | Dallas, Texas 75202 |
| Dallas, TX 75201 | |

                                                    By: __/s/ Clayton L. Everett____